pendent action, that the lienor who asserts his claim against the bond had a lien which, but for the giving of the bond, he could have asserted against the property. In Sheffield v. Early (Sup.) 25 N. Y. Supp. 1098, the general term. of the First department held that a foreclosure of the lien and a recovery of a judgment against the property was necessary before resort could be had to the bond. The case of Copley v. Hay, supra, is relied on by the learned counsel for the appellants as supporting his views. In that case an action was commenced to foreclose a mechanic's lien, to which the owner was made a party, and demurred on the ground that a bond had been given to discharge the lien; but as it appeared that the bond had not been approved, nor any order made discharging the lien, the demurrer was overruled. What was said in the opinion from which it might be inferred that an action would lie on the bond was plainly obiter, and is in conflict with the other and later decisions above cited. Bulkley v. Moses (City Ct. Brook.) 23 N. Y. Supp. 125, is based upon Copley v. Hay, and both of these cases are overruled by Sheffield v. Early, supra. We are accordingly of the opinion that the interlocutory judgment sustaining the demurrer should be affirmed, with costs, with the usual leave to amend.

---

(10 Misc. Rep. 455.)

### HAGER v. BUFFALO SAV. BANK.

(Superior Court of Buffalo, General Term. December 10, 1894.)

BANKS AND BANKING—PAYMENT OF FORGED CHECKS.

Where plaintiff's savings bank book was stolen, and the thief presented it, with a check in plaintiff's name, but the signature was so unlike plaintiff's that the cashier of defendant bank compared it with the signature in the book, but finally paid it, without requiring the holder to identify himself, a finding that the cashier was negligent will not be disturbed.

Appeal from municipal court.

Action by Christ Hager against the Buffalo Savings Bank. There was a judgment in favor of plaintiff and defendant appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Adolph Rebadow, for appellant.
Matt Endres, for respondent.

TITUS, C. J. This is an appeal from a judgment of the municipal court in favor of the plaintiff for $100 and interest. The plaintiff was a depositor in the bank of the defendant. His bank book was stolen, and the thief presented the book to the bank, made out and signed the plaintiff's name to a check, and demanded the money, which the defendant's teller paid. We think that on the record this case should be affirmed. The only question in the case was the negligence of the defendant in paying the check. An inspection of the signature to the check in comparison with the genuine signature of the plaintiff which the defendant had in its signature book was enough to put the defendant on its guard. It does not require the

skill of an expert to satisfy the ordinary mind that the signature to the check was not genuine. The cashier of the defendant was so much in doubt about the genuineness of the signature that he at first took the check and compared the signature to it with the signature of the plaintiff in the book, and then, being still in doubt as to its genuineness, required the party presenting the check to indorse the plaintiff's name on the back of it, and then paid it. After having his attention directed to the dissimilarity of the genuine and forged signatures, and his suspicion aroused, he should have taken steps to satisfy himself of the identity of the person presenting it. The plaintiff lived in the city, and it would have caused but little delay to require the party presenting the check to produce some evidence or some person who could identify him. The case presents a simple question of fact, and we think there was evidence from which the court below could find that the defendant did not use reasonable precaution in determining the identity of the person to whom the money was paid before paying it, and we do not think the decision of the court on that question should be disturbed on this appeal. The judgment should therefore be affirmed; with costs. All concur.